UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DARRYLE T. FORD, | ) |
| Petitioner, | ) |
| v. | ) Case No. 12-CV-2090 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION**

On March 16, 2012, Petitioner, Darryle T. Ford, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On April 16, 2012, the Government filed a Response (#4), arguing that Petitioner's Motion was filed beyond the one-year time limitation of 28 U.S.C. § 2255 and should be denied. On April 30, 2012, the Petitioner filed a Reply (#5). In response to the Government's argument that his Motion is untimely, Petitioner argues, albeit unclearly, that, among other things, he could not have raised his arguments prior to the decision of the United States Supreme Court in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). This court has carefully reviewed the parties' arguments and supporting documents. Following this careful and thorough review, this court agrees that Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and therefore must be DISMISSED.

**FACTS**

In Case No. 08-CR-20056, Petitioner was charged by indictment with one count of distribution of five grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §

841(a)(1) and 21 U.S.C. § 841(b)(1)(B).  On February 6, 2009, the Government filed a Notice of Prior Conviction pursuant to 21 U.S.C. § 851 stating that Petitioner had a prior felony conviction for possession of a controlled substance under Illinois state law in Case No. 03-CR-115120.  The Government alleged that the Illinois conviction constituted a predicate "felony drug" conviction that triggered a ten-year statutory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(B).  On February 23, 2009, Petitioner entered a guilty plea pursuant to a written plea agreement in accordance to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  In that agreement, Petitioner agreed to cooperate with authorities, to pay a mandatory special assessment fee of $100 and to waive his rights to challenge or appeal his conviction and sentence according to 18 U.S.C. § 3742, 28 U.S.C. § 1291 and 28 U.S.C. § 2255.  On September 1, 2009, Petitioner was sentenced to 120 months.  The Petitioner did not appeal.

## ANALYSIS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'"  Clay v. United States, 537 U.S. 522, 524 (2003) (quoting 28 U.S.C. § 2255(f)(1)).  In this case, the judgment was entered on September 1, 2009.  Since the Petitioner did not appeal, the judgment became final on that date.  Therefore, Petitioner had one year, or until September 1, 2010, to file his motion.  See United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (adopting the anniversary rule for determining the date § 2255 motion was due).  Petitioner did not file his Motion until March 12, 2012, more than one year later.

In response to the Government's argument that his Motion is untimely, Petitioner presented several arguments explaining why his motion is timely. Petitioner argued that his motion is timely because of the <u>Carachuri</u> decision. Though Petitioner's argument is difficult to follow, this court believes that he is arguing that his Motion is timely based upon § 2255(f)(3). Under this subsection, the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). This court concludes that § 2255(f)(3) does not apply in this case.

In <u>Carachuri</u>, the defendant faced deportation under the Immigration Nationality Act after he committed two misdemeanor drug possession offenses in violation of Texas law. <u>Carachuri</u>, 130 S. Ct. at 2580. For the first offense, the defendant received a 20-day sentence for possessing less than two ounces of marijuana in violation of Texas law. <u>Id.</u> at 2583. For the second offense, defendant received a 10-day sentence for possessing a Xanax tablet without prescription, also in violation of Texas law. <u>Id.</u> After his second offense, the Government initiated removal proceedings against him. The defendant argued that he was eligible for cancellation of removal under 8 U.S.C. § 1229b(a). Under that provision, the Attorney General may cancel an order for removal as long as the noncitizen "has not been convicted of a[n] aggravated felony." <u>Id.</u> (<u>citing</u> § 1229b(a)(3)).

Under the Immigration and Nationality Act, a person convicted of an aggravated felony cannot seek cancellation of removal. <u>See</u> 8 U.S.C. § 1229b(a). The Government argued that the 2005 Texas conviction constituted an "aggravated felony" conviction under the Immigration Nationality Act. <u>Id.</u> at 2582. According to the Government, if defendant

was prosecuted under 21 U.S.C. § 844(a), he would have faced up to a two-year sentence as long as he had a "prior conviction for any drug . . . offense chargeable under the law of any State . . . has become final." Id. (citing 21 U.S.C. § 844(a)). According to the Government, if he was prosecuted under federal law, his 2004 offense would serve as a prior drug conviction and he could have received a two-year sentence. Id. Accordingly, defendant's 2005 conviction would be an aggravated felony because it would be "punishable" by imprisonment for more than one year, even though he only received a ten-day sentence. Id. at 2587. The Fifth Circuit Court of Appeals accepted the Government's position noting that any conduct that hypothetically could have been prosecuted as a felony under the Controlled Substances Act would qualify as an aggravated felony. Id. at 2584. On June 14, 2010, the Supreme Court reversed the Fifth Circuit's decision determining that it would be "counterintuitive" and "unorthodox" to apply an "aggravated felony" label to petitioner's ten-day sentence. Id. at 2579. The Court rejected the Government's argument that conduct that is "punishable as a felony" should be treated as the equivalent of a felony conviction if the underlying conduct could have been a felony under federal law. Id. Accordingly, the Court determined that the conviction itself is the starting place, not what could have been charged. Id.

This court concludes that Petitioner does not have a legitimate argument based on Carachuri. Under 21 U.S.C. § 841(b)(1)(B), "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such a person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . ." 21 U.S.C. § 841(b)(1)(B). A separate provision defines a felony drug offense as "an offense that is

punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Petitioner is arguing that this court improperly enhanced his minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B). According to the Petitioner, his prior felony does not constitute a felony drug offense that would qualify for sentence enhancement because he only served a one-year sentence. Unlike the defendant in Carachuri whose previous conviction did not constitute a felony drug offense, the Petitioner in this case does have a previous felony drug offense. See Carachuri, 130 S. Ct. at 2586. In this case, Petitioner was previously convicted of a Class 4 felony for possession of controlled substance, which is punishable by up to 3 years of imprisonment. 720 ILCS 570/402(c); 730 ILCS 5/5-4.5-45(a). The fact that he was only given a one-year sentence is irrelevant because the felony itself falls squarely within the definition of the statute. See United States v. Jackson, 419 F. App'x 666, 672 (7th Cir. 2011) (citing Burgess v. United States, 553 U.S. 124, 129- 33 (2008)).

Petitioner also mentions "tolling" in his Reply. Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). " [T]he equitable tolling of a statute of limitations is an extraordinary remedy reserved for truly exceptional situations." Nolan v. United States, 358 F.3d 480, 486 (7th Cir. 2004). This court believes that Petitioner has not developed this argument, either in his pro se Motion (#1) or in his Reply (#5), and has not established that extraordinary circumstances existed here. Therefore, this court concludes

that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is untimely and must be dismissed.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is untimely.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DISMISSED.

(2) A certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 21st day of June, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE